UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD REED DUMAS,<br><br>    Petitioner,<br>v.<br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,<br><br>    Respondent. | Civil No. 10-0653-LAB(WVG)<br><br>REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>(DOC. # 7) |

  On March 25, 2010, Petitioner Ronald Reed Dumas (hereafter "Petitioner") a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Respondent has filed a Motion to Dismiss the Petition. Respondent asserts that the Petition is untimely, and that neither statutory nor equitable tolling applies to make the Petition timely. Petitioner did not file an Opposition to the Motion to Dismiss.

  The Court, having reviewed Petitioner's Petition for Writ of Habeas Corpus, Respondent's Motion to Dismiss, and the Lodgments submitted by Respondent, finds that the Petition is barred by the statute of limitations. Therefore, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED.

I

PROCEDURAL HISTORY

On July 11, 2001, Petitioner was convicted by a jury of 20 counts of robbery and one count of conspiracy to commit robbery. (Respondent's Lodgments Nos. 1, 2)

Petitioner appealed his conviction to the California Court of Appeal. On June 3, 2003, the California Court of Appeal affirmed Petitioner's conviction on all counts, except one. (Respondent's Lodgment No. 1).

Petitioner did not file a Petition for Review of the California Court of Appeal's decision.

On December 23, 2008[1/], Petitioner filed a Petition for Writ of Habeas Corpus in the San Diego Superior Court. (Respondent's Lodgment No. 2). On February 23, 2009, the Superior Court denied the Petition. (Respondent's Lodgment No. 3).

On April 9, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. (Respondent's Lodgment No. 4) On June 8, 2009, the Petition was denied. (Respondent's Lodgment No. 5).

On June 23, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court (Respondent's Lodgment No. 6). On December 17, 2009, the California Supreme Court denied the Petition. (Respondent's Lodgment No. 7).

On March 25, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in this Court.

---

[1/] The Court gives Petitioner the benefit of the "mailbox rule" which deems that a petition is constructively filed when it is delivered to prison officials for filing. Houston v. Lack, 487 U.S. 266(1988)

II

PETITIONER'S PETITION IS BARRED

BY THE STATUTE OF LIMITATIONS

A. <u>AEDPA's One-Year Statute of Limitations</u>

Respondent argues that the Petition is barred by the Antiterrorism and Effective Death Penalty Act's (hereafter "AEDPA") statute of limitations. The provisions of the AEDPA apply to petitions for writs of habeas corpus filed in federal court after the AEDPA's effective date of April 24, 1996. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S. Ct. 2059, 2068 (1997). Since the Petition was filed on March 25, 2010, the AEDPA applies to this case.

Prior to the enactment of AEDPA on April 24, 1996, "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition." <u>Calderon v. United States Dist. Court (Beeler)</u>, 128 F.3d 1283, 1286 (9th Cir. 1997), <u>cert. denied</u>, 118 U.S. 897 (1998), <u>overruled on other grounds by</u> <u>Calderon v. United States Dist. Court (Kelly)</u>, 163 F.3d 530, 540 (9th Cir. 1998). "[D]elays of more than a decade did not necessarily bar a prisoner from seeking relief." <u>Id.</u>

With enactment of AEDPA, a state prisoner's time frame for seeking federal habeas relief was dramatically limited. AEDPA amended 28 U.S.C. § 2244 by, in part, adding subdivision (d), which provides for a one-year limitation period for state prisoners to file habeas corpus petitions in federal court. Section 2244(d) states, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d).

The Ninth Circuit has noted that under 28 U.S.C. §2244(d)(1)(A), a conviction becomes final by the expiration of the time to seek review from the highest court, whether or not such a petition is actually filed. <u>Wixom v. Washington</u>, 264 F.3d 894, 897(9th Cir. 2001); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Direct review of Petitioner's convictions was completed on June 3, 2003. Petitioner's conviction became final on July 14, 2003, 40 days after his conviction was affirmed by the California Court of Appeal. <u>Waldrip v. Hall</u>, 548 F.3d 729, 735 (9th Cir. 2008).[2/]

---

[2/] The fortieth day was Sunday July 13, 2003. Pursuant to Fed. R. Civ. P. 6(a)(3), the Court considers the next day, July 14, 2003, as the date Petitioner's conviction became final.

Therefore, on July 14, 2003, Petitioner's conviction became final and the statute of limitations began to run.

Absent any statutory or equitable tolling, the statute of limitations for Petitioner expired on July 14, 2004.

### 1. Petitioner Is Not Entitled to Statutory Tolling

The statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. Under the holding of Nino v. Galaza 183 F.3d 1003, 1006 (9th Cir. 1999), the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects petitioner's final collateral challenge," provided the petitions were properly filed and pending during that entire time.

The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case "pending" during that interval. Nino 183 F.3d at 1006

In this case, Petitioner's first petition for post conviction relief was filed in the San Diego Superior Court on December 23, 2008. (Respondent's Lodgment No. 2). From July 14, 2003 (the date Petitioner's conviction became final) to December 23, 2008, **five years, five months and nine days elapsed**. Therefore, Petitioner filed his first petition for post-conviction relief well over four years after the statute of limitations expired. Thus, Petitioner is not entitled to statutory tolling.

### 2. Petitioner Not Entitled to Equitable Tolling of the Statute of Limitations

Respondent argues that Petitioner is not entitled to equitable tolling because equitable tolling is only available to

1 petitioners who pursue their rights diligently and that Petitioner
2 did not pursue his rights diligently in this case.

3 The one-year statute of limitations is subject to equitable
4 tolling. Calderon, 128 F.3d at 1288. Equitable tolling of the statute
5 of limitations is appropriate where a habeas petitioner shows: (1)
6 that he has been pursuing his rights diligently, and (2) that some
7 extraordinary circumstance stood in his way. Pace v. DiGuglielmo 544
8 U.S. 408, 418 (2005); Espinoza-Matthews v. California, 432 F.3d 1021,
9 1026 (9th Cir. 2005). When courts assess a habeas petitioner's
10 argument in favor of equitable tolling, they must conduct a "highly
11 fact-dependent" inquiry. Whalem/Hunt v. Early 233 F.3d 1146, 1148
12 (9th Cir. 2000), Lott v. Mueller 304 F.3d 918, 923 (9th Cir. 2002) The
13 extraordinary circumstances must be the "but-for and proximate cause"
14 of the untimely filing. Allen v. Lewis 255 F.3d 798, 800 (9th Cir.
15 2001).

16 Petitioner concedes that his Petition is untimely. (Petition,
17 Motion to Entertain Habeas Corpus, hereafter "Motion to Entertain,"
18 at iii-iv.) However, he appears to argue that he is entitled to
19 equitable tolling of the statute of limitations. Specifically, he
20 argues: (1) On July 22, 2005, his mother contacted an attorney
21 seeking legal representation for him; but the attorney his mother
22 sought was negligent in not timely filing his Petition; (2) Califor-
23 nia's court decisions with regard to state habeas corpus procedures
24 made his Petition untimely; and (3) he is ignorant of the law.

25                     a. Alleged Attorney Negligence

26 Petitioner argues that on July 22, 2005, his mother sought
27 legal representation for him to file the Petition that is the subject
28 of this Report and Recommendation. (Motion to Entertain at ix,

Declaration of Mrs. Mary Bruce). However, Mrs. Bruce's Declaration establishes that Petitioner failed to even seek assistance in filing his Petition until one year and eight days after the statute of limitations expired.[3/]

Further, Petitioner argues that even though his mother paid the attorney a significant sum of money, the attorney did not file the Petition. However, an attorney's negligence does not constitute "extraordinary circumstances" sufficient to warrant equitable tolling of the statute of limitations. Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir. 2002). Therefore, the Court concludes that Plaintiff's argument in these regards are without merit.

### b. California Decisions

Petitioner appears to argue that certain California court decisions made his Petition untimely. Specifically, he refers to California court-created law regarding the time to seek habeas corpus relief in the California courts and its alleged interplay with AEDPA. (Motion to Entertain at iv).

However, Petitioner confuses California law regarding time limits for filing a petition for writ of habeas corpus in the California courts with AEDPA's statute of limitations. Here, Petitioner's first petition for post-conviction relief was filed in the California courts on December 23, 2008, after AEDPA's statute of limitations had expired. That Petition was not denied as untimely. (Respondent's Lodgment No. 3). Therefore, the Court does not find merit in this argument.

---

[3/]The time period between July 14, 2004 (the date the statute of limitations expired) and July 22, 2005 (the date his mother sought assistance from an attorney to file his Petition) is one year and eight days.

### c. Ignorance of the Law

Petitioner argues that his Petition is untimely because he is a "layman at law" and is ignorant of the law. (Motion to Entertain at iii). However, this argument is unavailing. Ignorance of the law is not an excuse for untimely filing of a petition for writ of habeas corpus. Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1012 (9th Cir. 2009); Washington v. Gonzalez, 2010 WL 3258575 (9th Cir. Aug. 17, 2010). Therefore, Plaintiff's argument in this regard has no merit.

As a result, the Court finds that Petitioner is not entitled to equitable tolling of the statute of limitations. Accordingly, the Court declines to equitably toll the statute of limitations in this case. As a result, Petitioner failed to file his Petition For Writ of Habeas Corpus with this Court within the one-year statute of limitations mandated in 28 U.S.C. §2244(d)(1)(A).

## III

## CONCLUSION

After a thorough review of the record in this matter, the Court has determined that Petitioner has failed to comply with the AEDPA's statute of limitations and that he is not entitled to equitable tolling of the statute of limitations. 28 U.S.C.A. § 2244(d). Accordingly, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than January 14, 2011, any party to this action may file written objections with the Court and serve

a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than January 28, 2011.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 14, 2010

Hon. William V. Gallo
U.S. Magistrate Judge