# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD REED DUMAS,<br><br>        Plaintiff,<br>    vs.<br><br>MATTHEW CATE,<br><br>        Defendant. | CASE NO. 10cv653-LAB (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Ronald Dumas filed his petition for writ of habeas corpus in this Court on March 25, 2010. Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636, this matter was referred to Magistrate Judge William Gallo for report and recommendation. On December 14, Judge Gallo issued his report and recommendation (the "R&R"), finding it was time-barred. The R&R ordered that any objections be filed no later than January 14, 2011. Dumas has neither filed any objections nor sought any additional time in which to do so.

A district judge "may accept, reject, or modify the recommended decision" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R. Civ. P. 72(b); *see* 28 U.S.C. §636(b)(1). "The court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. §636(b)(1). Section 636(b)(1) does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). The "statute makes it clear that the district judge must review the

magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in the original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225–26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review). *See also Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979) ("If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law.").

Respondent filed a motion to dismiss, which Dumas never opposed. Dumas remained in contact with the Court, however, and filed a notice of change of address on October 12.

The Court has reviewed the R&R and finds its reasoning sound. The R&R found Dumas' conviction became final on July 14, 2003, and he first sought habeas relief in state court on December 23, 2008, nearly four and a half years after AEDPA's one-year limitations period had expired. Dumas conceded his petition was late, but argued in his petition that he is entitled to tolling because his mother asked an attorney on July 22, 2005 to represent him,[1] because California's habeas procedures made his petition untimely, and because he is ignorant of the law. The R&R found Dumas was not entitled to tolling, and the Court agrees. The Court accepts these unobjected-to findings, and agrees with the R&R that Dumas' petition is time-barred.

The Court therefore **ADOPTS** the R&R. The Petition is **DENIED**.

**IT IS SO ORDERED**.

DATED: January 25, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] In a memorandum attached to his petition, Dumas alleges his attorney required a payment of $4590 and even then didn't file the petition as promised. If true, this would constitute negligence. But even assuming the attorney was negligent, the limitations period had already expired before Dumas' mother contacted him. Furthermore, documents attached to the petition show Dumas' lawyer wrote to him on November 7, 2006 offering to begin preparing a petition for him, so at that point he knew or should have known no petition had been filed.